IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

FREDERICK BULLOCK & RENEE BULLOCK,

Plaintiffs,

v.

WELLS FARGO BANK, N.A. aka WELLS FARGO HOME MORTGAGE,

Defendant.

Case No. 4:23-cv-00017-SLG-KFR

**REPORT AND RECOMMENDATION RE MOTION TO DISMISS**

Before the Court is a Motion to Dismiss ("Motion") filed by Defendant Wells Fargo Bank, N.A. aka Wells Fargo Home Mortgage.[1] Plaintiffs Frederick and Renee Bullock, who represent themselves in this matter, filed a Response opposing the Motion,[2] to which Defendant replied.[3] Oral argument on the Motion was not requested and was not necessary for the Court's recommendation. The Court finds that Plaintiffs' claims are barred by the doctrine of claim preclusion and that amendment would be both futile and unduly prejudicial to Defendant. The Court therefore recommends that the Motion be **GRANTED** and that Plaintiffs' claims be **DISMISSED with prejudice.**

I. BACKGROUND

In November 1994, Frederick Bullock obtained a loan from a mortgage company to purchase residential property located in North Pole, Alaska ("North Pole Property").[4] The loan was secured by a deed of trust on the property in favor of the mortgage company.[5] Through various assignments, Defendant became the

---
[1] Doc. 23.
[2] Doc. 24.
[3] Doc. 25.
[4] Doc. 6-1 at 10.
[5] *Id.*

beneficiary of the deed of trust and began administering the loan.[6]  In January 2010, Defendant initiated a foreclosure on the North Pole Property, and in December 2010, Defendant acquired the property following a foreclosure sale.[7]

**A. First Action**

In December 2013, Plaintiffs, initially representing themselves, commenced an action in Alaska state court against Defendant and several other entities.[8]  The defendants removed the action to federal district court based on diversity jurisdiction.[9]  Plaintiffs subsequently retained counsel and filed an amended complaint, which named Defendant as the sole defendant.[10]  In their amended complaint, Plaintiffs alleged that they fully paid off the North Pole Property loan several years before the foreclosure sale.[11]  Plaintiffs suggested that their mortgage payments were improperly credited toward another mortgage on a different property, also owned by Frederick Bullock, that was located in Anchorage ("Anchorage Property").[12]  Plaintiffs further alleged that they had "acquiesced in demands by [Defendant] and paid far in excess of the amounts required to discharge the mortgages on both the North Pole Property and the Anchorage Property."[13]  Plaintiffs sought to recover damages, to set aside the foreclosure on the North Pole Property, and to compel an accounting of the mortgages on the North Pole Property and the Anchorage Property.[14]

Defendant moved for summary judgment, asking the District Court to dismiss Plaintiffs' claims and quiet title to the North Pole Property.[15]  Plaintiffs' counsel

---

[6] *Id.* at 19.
[7] *Id.* at 21.
[8] Case No. 3:14-cv-00010-TMB, Doc. 3-1.  The Court takes judicial notice of court filings in Plaintiffs' first action that are referenced in this report and recommendation and that have not already been judicially noticed.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).
[9] Case No. 3:14-cv-00010-TMB, Doc. 1.
[10] Case No. 3:14-cv-00010-TMB, Docs. 34, 35.
[11] Case No. 3:14-cv-00010-TMB, Doc. 35 at 2, ¶¶ 7, 9.
[12] *Id.* at 2, ¶ 6.
[13] *Id.* at 3, ¶ 16.
[14] *Id.* at 4, ¶¶ a–d.
[15] Case No. 3:14-cv-00010-TMB, Doc. 52.

withdrew from the case and Plaintiffs, on their own behalf, responded in opposition to Defendant's motion.[16] In their response and in an additional document Plaintiffs later filed in support of their response, Plaintiffs insisted that they satisfied the North Pole Property loan in 2000 and that Defendant committed "fraud [in] how they attached themselves to [Plaintiffs'] [f]inancial [c]redit report statements and [b]anking accounts."[17] Plaintiffs explained that Defendant wrongly applied Plaintiffs' payments toward the Anchorage Property loan instead of toward the North Pole Property loan because the two loans shared the same account number.[18] Plaintiffs further alleged that Defendant "mishandl[ed]" and acted with "extreme negligence" with respect to Frederick Bullock's personal information, that Defendant mailed relevant documents to the "wrong address," and that there were discrepancies between information Defendant used and information in a credit report for Frederick Bullock.[19] All told, according to Plaintiffs, Defendant's actions constituted "servicing abuse, poor debt collection practices, misappropriation of funds, and abuse of credit."[20]

In April 2016, the District Court granted Defendant's motion for summary judgment.[21] In its order, the District Court rejected Plaintiffs' contention that they paid off the mortgage on the North Pole Property in 2000,[22] concluding that this contention lacked any evidentiary support and that Defendant's uncontradicted evidence established that the mortgage "was *not* paid off in 2000, or at any other time."[23] The District Court further considered the other issues Plaintiffs raised and "f[ound] them to be inapplicable or without merit."[24] Accordingly, the District Court issued a judgment dismissing Plaintiffs' claims and declaring that title to the North

---

[16] Case No. 3:14-cv-00010-TMB, Docs. 57, 58, 60.
[17] Case No. 3:14-cv-00010-TMB, Doc. 60 at 2.
[18] Case No. 3:14-cv-00010-TMB, Doc. 63 at 8.
[19] Case No. 3:14-cv-00010-TMB, Doc. 60 at 2–4.
[20] Case No. 3:14-cv-00010-TMB, Doc. 63 at 1.
[21] Case No. 3:14-cv-00010-TMB, Doc. 67.
[22] *Id.* at 9.
[23] *Id.* at 10.
[24] *Id.* at 16.

R&R re Motion to Dismiss
*Bullock v. Wells Fargo Bank, N.A.*
4:23-cv-00017-SLG-KFR
3
Case 4:23-cv-00017-SLG-KFR   Document 27   Filed 04/18/24   Page 3 of 12

Pole Property was vested in Defendant free and clear of any interests of Plaintiffs.[25] Plaintiffs did not appeal.

### B. Second Action

In May 2023, Plaintiffs commenced a second action against Defendant in Alaska state court.[26] In August 2023, Defendant removed the action to federal district court based on diversity jurisdiction.[27] Defendant then filed a motion to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and a request for judicial notice of various documents, including court documents from the prior action.[28] Plaintiffs filed a response in opposition to the motion to dismiss, in which Plaintiffs also sought leave to amend and supplement their complaint.[29] Plaintiffs also filed an Amended Complaint,[30] which Defendant moved to strike on timeliness and other procedural grounds.[31] Plaintiffs subsequently filed a motion to accept their late-filed Amended Complaint.[32]

In December 2023, the District Court issued an order (1) granting Plaintiffs' request for leave to amend their initial complaint, (2) granting Plaintiffs' motion to accept the late-filed Amended Complaint, (3) granting Defendant's request for judicial notice, (4) denying Defendant's motion to strike the Amended Complaint, and (5) denying Defendant's motion to dismiss without prejudice and with leave to file a renewed motion addressing the Amended Complaint.[33]

Plaintiffs' Amended Complaint asserts claims for (1) violations of the Fair Credit Reporting Act[34] ("FCRA") and (2) breach of contract.[35] In support of these claims, Plaintiffs allege that they did not default on the North Pole Property loan,

---

[25] Case No. 3:14-cv-00010-TMB, Doc. 68.
[26] Doc. 1-1.
[27] Doc. 1.
[28] Doc. 5.
[29] Doc. 11.
[30] Doc. 13.
[31] Doc. 14.
[32] Doc. 18.
[33] Doc. 22.
[34] 15 U.S.C. §§ 1681–1681x.
[35] Doc. 13.

reasoning that Defendant incorrectly applied their payments toward that loan because Defendant used the same account number for the North Pole Property and the Anchorage Property.[36] Plaintiffs further allege that Defendant mailed documents pertaining to the North Pole Property loan to the incorrect address, facilitated "[i]dentity theft" by communicating Plaintiffs' personal information to third parties, failed to disclose relevant information to Plaintiffs, and "mismanag[ed]" Plaintiffs' funds.[37] Plaintiffs characterize Defendant's alleged actions as "servicing abuse."[38] Plaintiffs seek to recover money damages, as well as costs and attorney's fees associated with this litigation.[39]

In January 2024, Defendant filed the present Motion to Dismiss Plaintiffs' Amended Complaint.[40] Defendant requests dismissal of the Amended Complaint in its entirety, arguing that Plaintiffs' claims are barred by claim preclusion and the applicable statutes of limitations.[41] Defendant submits that dismissal without leave to amend is appropriate because Plaintiffs' claims cannot be cured by amendment and were brought in bad faith, and because prolonging this litigation would prejudice Defendant.[42]

Plaintiffs filed a Response urging the Court to deny the Motion.[43] Plaintiffs reiterate and expand on the claims brought in their Amended Complaint, and argue that even if their claims are barred by claim preclusion or any statutes of limitations, dismissal is not warranted because of "excusable neglect," their lack of legal counsel to assist them, and the "extreme injustice" of the events underlying their claims.[44] Plaintiffs attach various exhibits to their Response, including excerpts from their mortgage file, a letter from Defendant denying a request by Plaintiffs for information

---

[36] *Id.* at 1, 4, ¶ 2.
[37] Doc. 13 at 4–9, ¶¶ 3–5, 7–10, 14.
[38] *Id.* at 9, ¶ 14.
[39] *Id.* at 9.
[40] Doc. 23.
[41] *Id.* at 8–17; Doc. 25.
[42] Doc. 23 at 17–19.
[43] Doc. 24.
[44] *Id.* at 8.

related to their account, and an excerpt from a credit report dated September 23, 2010.[45]

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) requires dismissal for a complaint's "failure to state a claim upon which relief can be granted." A self-represented plaintiff's complaint is "held to less stringent standards than formal pleadings drafted by lawyers."[46] Nevertheless, "[t]o survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[47] A complaint must provide "well-pleaded facts, not legal conclusions, that 'plausibly give rise to an entitlement to relief.'"[48]

A district court may consider a statute of limitations or claim preclusion defense raised in a Rule 12(b)(6) motion to dismiss.[49] A defendant seeking to establish claim preclusion "must carry the burden of establishing all necessary elements."[50]

## III. DISCUSSION

### A. Plaintiffs' Claims Are Barred by the Doctrine of Claim Preclusion.

Defendant maintains that Plaintiffs' claims are barred by the doctrine of claim preclusion because Plaintiffs raised the same claims in their previous proceeding before the District Court.[51] Defendant details the history of the previous proceeding,

---

[45] Doc. 24-1.
[46] *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (internal quotation marks omitted) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (instructing courts to liberally construe the filings of a self-represented plaintiff and afford the plaintiff the benefit of any reasonable doubt).
[47] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[48] *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (first citing *Twombly*, 550 U.S. at 570; and then quoting *Iqbal*, 556 U.S. at 679).
[49] *See Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1053 (9th Cir. 2007); *Seven Arts Filmed Entm't Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013).
[50] *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) (quoting 18 Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 4405, at 82 (2d ed. 2002)).
[51] Doc. 23 at 12–16.

including its resolution by way of the District Court's grant of summary judgment to Defendant. Defendant contends that the District Court's summary judgment order "has the preclusive effect of barring relitigation between the same parties not only of claims that were raised in the [p]rior [a]ction, but also of those relevant claims that could have been raised then."[52] Defendant notes that in the current action, Plaintiffs offer some evidence that they did not present to the District Court in the prior action.[53] However, Defendant argues, Plaintiffs' intent in submitting this evidence is to relitigate the contention that they paid off the North Pole Property loan and that therefore "some sort of mortgage servicing error occurred."[54] Plaintiffs do not directly dispute these arguments, asserting instead that they had "no . . . way to prove" their claims during the prior proceeding.[55]

"A fundamental precept of common-law adjudication . . . is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies."[56] Under the doctrine of claim preclusion, "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."[57] By "precluding parties from contesting matters that they have had a full and fair opportunity to litigate," claim preclusion protects against "the expense and vexation attending multiple lawsuits, conserv[es] judicial resources, and foste[rs] reliance on judicial action by minimizing the possibility of inconsistent decisions."[58]

---

[52] *Id.* at 16.
[53] *Id.*
[54] *Id.*
[55] *See* Doc. 24 at 3.
[56] *Montana v. United States*, 440 U.S. 147, 153 (1979) (internal quotation marks and citation omitted).
[57] *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *see also Weber v. State*, 166 P.3d 899, 901 (Alaska 2007) ("Once a judgment on the merits of an action has been entered, [claim preclusion] applies to bar relitigation of later claims between the same parties on the claims that could have been brought in the first proceeding.").
[58] *Taylor*, 553 U.S. at 892 (internal quotation marks and alterations omitted) (quoting *Montana*, 440 U.S. at 153–54); *see also Weber*, 166 P.3d at 902 ("The doctrine [of claim

If a federal court exercising its diversity jurisdiction issued the arguably preclusive decision, the preclusion rules of the forum state in that case apply.[59] Here, the District Court in the prior case was sitting in diversity jurisdiction;[60] therefore, the Court uses Alaska claim preclusion law to determine the preclusive effect of the District Court's 2016 judgment.

In Alaska, a prior judgment has claim-preclusive effect when it is "(1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action."[61] If claim preclusion applies, "it precludes relitigation . . . not only of claims that were raised in the initial proceeding, but also of those relevant claims that could have been raised then."[62] Accordingly, whether a cause of action is the same "does not rest on the legal theory asserted but rather on whether the claims [in each case] arise out of the same transaction—the same set of underlying facts."[63] Courts "exercise pragmatism in [determining whether a cause of action is the same] and consider whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."[64]

All three requirements for claim preclusion to apply under Alaska law are met here. First, Plaintiffs' first suit was dismissed on summary judgment;[65] this resolution is a final judgment on the merits.[66] Second, Plaintiffs do not allege that

---

preclusion] implements the 'generally recognized public policy' that there must be some final and conclusive end to litigation.'" (quoting *Nelson v. Jones*, 787 P.2d 1031, 1033 (Alaska 1990))).
[59] *Taylor*, 553 U.S. at 891. In contrast, if the prior case rested on a federal question, then federal claim preclusion rules would apply. *See Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1376 (9th Cir. 1987) (recognizing that the claim-preclusive impact of a federal judgment is a question of federal law).
[60] Case No. 3:14-cv-00010-TMB, Doc. 67 at 2.
[61] *Patterson v. Infinity Ins.*, 303 P.3d 493, 497 (Alaska 2013).
[62] *Windel v. Matanuska-Susitna Borough*, 496 P.3d 392, 397 (Alaska 2021).
[63] *Angleton v. Cox*, 238 P.3d 610, 614 (Alaska 2010).
[64] *Patterson*, 303 P.3d at 497–98 (citation omitted) (first quoting *Angleton*, 238 P.3d at 614; and then quoting *Alderman v. Iditarod Props. Inc.*, 959 P.2d 1240, 1243 (Alaska 1998)).
[65] Case No. 3:14-cv-00010-TMB, Doc. 67 at 17–18.
[66] *See Patterson*, 303 P.3d at 497 ("A dismissal based on summary judgment constitutes a final judgment on the merits.").

the District Court lacked jurisdiction to issue a final judgment in their prior action, and the Court sees no sign that the District Court lacked such jurisdiction. Third, the parties in the prior action were identical to those in this case,[67] and the underlying facts are virtually indistinguishable.

In the prior case, Plaintiffs broadly alleged that Defendant engaged in "servicing abuse, poor debt collection practices, misappropriation of funds, and abuse of credit,"[68] and sought to recover damages, to set aside the foreclosure on the North Pole Property, and to compel an accounting of the mortgages on the North Pole Property and the Anchorage Property.[69] More specifically, Plaintiffs alleged that they paid off their mortgage on the North Pole Property in 2000, that they ultimately paid more than was required to pay off that loan in response to Defendant's "demands," that Defendant nevertheless foreclosed on the North Pole Property, that one reason for the foreclosure was Defendant's use of the same file number for both the North Pole Property and the Anchorage Property, that Defendant's counsel improperly "altered" this file number in court filings, that Defendant refused to provide Plaintiffs with documents or other information pertaining to the two properties.[70] Plaintiffs also alleged that Defendant mailed relevant documents to the "wrong address," mishandled Frederick Bullock's personal information, and relied on information that was different from the information in a credit report for Frederick Bullock.[71] Plaintiffs rely on this same set of alleged facts—namely, Defendant's handling of the North Pole Property mortgage throughout the history of the loan—to support each of their claims in the present action.[72] Because the same

---

[67] Case No. 3:14-cv-00010-TMB, Docs. 35, 67.
[68] Case No. 3:14-cv-00010-TMB, Doc. 63 at 1. Plaintiffs articulated these theories at the summary judgment stage in the prior action; their operative complaint did not articulate any specific legal theory upon which Plaintiffs intended to advance their claims.
[69] Case No. 3:14-cv-00010-TMB, Doc. 35 at 4, ¶¶ a–d.
[70] Case No. 3:14-cv-00010-TMB, Docs. 35 at 2–4, ¶¶ 6–7, 16, 18, 24–25; 60 at 4; 67 at 9.
[71] Case No. 3:14-cv-00010-TMB, Doc. 60 at 2–4.
[72] *See* Doc. 13 at 4–9, ¶¶ 2–5, 7–10, 14 (alleging that Defendant "co-mingled properties and collections" based on its use of the same account number for the two properties, foreclosed on the North Pole Property despite Plaintiffs' satisfaction of their mortgage, mailed

R&R re Motion to Dismiss
*Bullock v. Wells Fargo Bank, N.A.*
4:23-cv-00017-SLG-KFR
9

Case 4:23-cv-00017-SLG-KFR   Document 27   Filed 04/18/24   Page 9 of 12

set of facts grounds Plaintiffs' claims in both cases, Plaintiffs' causes of action are the same for purposes of claim preclusion.

To the extent Plaintiffs argue that claim preclusion should not apply because they did not have a full and fair opportunity to litigate the claims in their first suit, the Court disagrees. Plaintiffs suggest that they were unable to present evidence substantiating their claims in the first action because they did not have the benefit of professional legal assistance and because Defendant refused to disclose information crucial to their claims.[73] However, although the denial of a full and fair opportunity to litigate claims can prevent the application of claim preclusion,[74] this limited exception applies only if the requirements of due process were not afforded in the prior proceeding.[75] Neither Plaintiffs' self-representation for part of the prior proceeding nor their alleged lack of access to discoverable material constitutes a denial of due process such that Plaintiffs lacked the opportunity to litigate their claims.[76]

Therefore, the District Court's 2016 judgment in Defendant's favor precludes any claims that Plaintiffs raised in that suit or relevant claims they could have raised at that time.[77] As all of Plaintiffs' current claims were actually raised or are "merely

---

documents to an undesired address, facilitated "[i]dentity theft" by communicating Plaintiffs' personal information to third parties, failed to disclose relevant information to Plaintiffs, "mismanag[ed]" Plaintiffs' funds, and committed "servicing abuse" through all these actions).

[73] Doc. 24 at 1, 7–8.
[74] *See Patterson*, 303 P.3d at 499.
[75] *See Sengupta v. Univ. of Alaska*, 21 P.3d 1240, 1253–54 (Alaska 2001) (determining that plaintiff was given full and fair opportunity to litigate claims at administrative hearings where plaintiff was "afforded the right to introduce exhibits, rebut the adverse evidence, and subpoena, call, examine, cross-examine, and impeach witnesses," and where plaintiff could have appealed rejection of his grievance).
[76] In civil cases such as this one and the prior action, there is no right to representation by counsel. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985). Moreover, the Court's conclusion that Plaintiffs' alleged lack of access to discoverable material does not support a finding that they lacked a full and fair opportunity to litigate their claims is bolstered by the fact that in the prior action, Plaintiffs never filed a motion to compel Defendant to provide any missing discovery.
[77] *See Windel*, 496 P.3d at 397.

a new legal theory derived from the same underlying facts alleged in [the] first case," these claims are barred by claim preclusion.[78]

### B. Plaintiffs' Claims Should Be Dismissed with Prejudice.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." In general, leave to amend a complaint "should be granted if it appears at all possible that the plaintiff can correct the defect[s]."[79] "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'"[80] Of these factors, "prejudice to the opposing party carries the most weight."[81] Furthermore, if "it is clear that the complaint could not be saved by amendment, then dismissal without leave to amend is proper."[82]

The Court finds that granting leave to amend would be futile and unduly prejudicial to Defendant. It would be futile for Plaintiffs to amend the Amended Complaint when the Court has determined that claim preclusion bars Plaintiffs' claims, and it would unduly prejudice Defendant to litigate a claim that fails as a matter of law. Thus, the Court recommends that Plaintiffs' claims be dismissed with prejudice, without leave to amend.

### IV. CONCLUSION

Plaintiffs' claims are barred by the doctrine of claim preclusion because they

---

[78] *See Patterson*, 303 P.3d at 498. Because the Court concludes that claim preclusion bars all of Plaintiffs' claims, the Court declines to address Defendant's alternative argument that Plaintiffs' claims should be dismissed because they were brought outside their respective limitations or repose periods. *See* Docs. 23 at 8–12, 17; 25 at 2–6.

[79] *Crowley v. Bannister*, 734 F.3d 967, 797 (9th Cir. 2013) (emphasis, internal quotation marks, and citation omitted).

[80] *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[81] *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567 (2020) (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

[82] *Huffman v. Lindgren*, 81 F.4th 1016, 1022 (9th Cir. 2023) (quoting *Salameh v. Tarsadia Hotel*, 726 F.3d 1125, 1133 (9th Cir. 2013)).

were or could have been brought in their previous suit against Defendant. Amendment of these claims would be futile and unduly prejudice Defendant. Therefore, the Court recommends that Defendant's Motion at Docket 23 be **GRANTED** and that Plaintiffs' claims be **DISMISSED with prejudice.**

DATED this 18th day of April, 2024, at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[83] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[84]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[85] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[86]

---

[83] 28 U.S.C. § 636(b)(1)(B).
[84] *Id.* § 636(b)(1)(C).
[85] *Id.*
[86] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).