# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

FREDERICK BULLOCK & RENEE BULLOCK,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A. aka WELLS FARGO HOME MORTGAGE,

    Defendant.

Case No. 4:23-cv-00017-SLG-KFR

## ORDER GRANTING MOTION TO DISMISS

Before the Court at Docket 23 is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss. Plaintiffs Frederick and Renee Bullock responded in opposition at Docket 24 to which Defendant Wells Fargo replied at Docket 25. The motion was referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 27, Judge Reardon issued his Report and Recommendation, in which he recommended that the motion be granted and that Plaintiffs' claims be dismissed with prejudice. Plaintiffs filed a response in opposition to the Report and Recommendation at Docket 28 to which Wells Fargo replied at Docket 29.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is

---

[1] 28 U.S.C. § 636(b)(1).

to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The Magistrate Judge recommended that the Court grant the Motion to Dismiss and that Plaintiffs' claims be dismissed with prejudice. The Magistrate Judge recounted the litigation history of the parties, including the prior case that culminated in the 2016 judgment entered by this Court in favor of Defendant with respect to the North Pole Property.[4] Plaintiffs did not pursue an appeal of that judgment. Rather, they brought the instant case in 2023, which also involves the same North Pole Property. The Magistrate Judge recommended that this new action be dismissed because of the doctrine of claim preclusion, a doctrine that precludes parties from contesting matters that they have had a full and fair opportunity litigate, and including matters that could have been raised in the previous case.[5] The Magistrate Judge further recommended that the dismissal be without leave to amend, because permitting leave to file an amended complaint

---

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] Case No. 3:14-cv-00010-TMB.

[5] Docket 27 at 7 (citing *Weber v. State*, 166 P.3d 899, 901 (Alaska 2007)).

Case No. 4:23-cv-00017-SLG-KFR, *Bullock, et al. v. Wells Fargo*
Order Granting Motion to Dismiss
Page 2 of 3
Case 4:23-cv-00017-SLG-KFR   Document 30   Filed 05/13/24   Page 2 of 3

would be "futile," a term used by the United States Supreme Court that applies when a court determines that there is no possible way for a litigant to cure the deficiencies identified in the complaint.[6]

The Court has reviewed the Report and Recommendation and, on de novo review, agrees with its analysis. Due process does not accord to every civil litigant the right to a jury trial. Rather, there are established rules in place that apply in civil litigation that allow for the dismissal of an action without a jury trial when the complaint fails to state a plausible claim for relief. Because Plaintiffs already had a full and fair opportunity to litigate their claims about the North Pole Property against Wells Fargo in the earlier case, dismissal of this action with prejudice is clearly warranted.

Accordingly, the Court adopts the Report and Recommendation, and IT IS ORDERED that the Motion to Dismiss at Docket 23 is GRANTED. This case is DISMISSED with prejudice. The Clerk of Court shall enter a judgment in favor of Wells Fargo.

DATED this 13th day of May 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[6] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Case No. 4:23-cv-00017-SLG-KFR, *Bullock, et al. v. Wells Fargo*
Order Granting Motion to Dismiss
Page 3 of 3
Case 4:23-cv-00017-SLG-KFR   Document 30   Filed 05/13/24   Page 3 of 3